OSCAR H. DROUIN *vs.* ANTONIO PRINCE, *City Auditor et al.*

RAOUL RENAUD *vs.* ANTONIO PRINCE, *City Auditor et al.*

NOVEMBER 21, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are petitions for writs of mandamus requiring the city auditor of the City of Woonsocket to draw orders upon the city treasurer and the city treasurer to pay the claims of petitioners as allowed and approved by the school committee of said city.

The claim of the petitioner Renaud for $798.05 is for work done and materials furnished in the performance of a plumbing contract for the Barry Memorial Field Club House in said city and the claim of the petitioner Drouin is for the sum of $207.04, balance due for services rendered as architect for supervising the erection and construction of said Club House.

The petitioners allege that the Barry Memorial Field Club House is and has been under the care, control and jurisdiction of the school committee; that, upon its completion, after approval of and acceptance by said committee, orders were drawn by said committee for the payment of the amounts due to petitioners; that, notwithstanding the fact that there are funds available which are properly applicable and sufficient for the payment of said claims, the city auditor has refused to draw his orders upon the city treasurer for the payment of said amounts and the city treasurer has refused to pay the same.

The respondents have filed certain statements in the nature of an answer to each petition, setting forth in the

case of Renaud that he failed to furnish materials of the value of $595 necessary to fulfill the specifications of the plumbing contract; that if his prayer be granted it should be for the difference between the $798.05 allowed and $595, namely, $203.05, and that the order of the school committee to pay the account of this petitioner is due to mistake. The answer to the petition of Drouin sets forth that the order of the school committee to pay this account is due to mistake through his failure to draw proper specifications for and to supervise the work of the plumbing contract and also through his recommendation to pay for plumbing materials which were never delivered.

It is also alleged that any funds in the hands and possession of the City Treasurer of Woonsocket belonging to the petitioner Drouin are under attachment by virtue of a writ in which the *ad damnum* exceeds the sum of $207.04

The further contention of both respondents that mandamus does not lie and that petitioners should proceed by the ordinary action at law as for the payment of any disputed bill or account is without merit in view of the decision of this court in *Portland Stone Ware Co.* v. *Taylor,* 17 R. I. 33, wherein it was held that mandamus may issue without an action when the accounts are allowed by the proper authority and ordered to be paid from a fund set apart for the purpose for which the debt was incurred.

The petitioners in support of their claims have presented affidavits of witnesses, some of them experts in matters pertaining to plumbing, who used the specifications for the plumbing work in checking up the work done and materials furnished and who testified that the changes and variations in material and work were necessary and proper and that the plumbing as installed is a good and workmanlike job.

Opposed to this evidence are affidavits of one of the respondents and of various plumbing experts in which they testify that the plumbing is not in accordance with the specifications and that there are a number of variations between the requirements of the specifications and the plumb-

ing as installed. In none of these affidavits is credit given for extras furnished without charge nor is any consideration given to the fact that the plumbing functions properly and that the changes made were reasonably necessary to produce a workmanlike plumbing installation.

This court has held that, if there be sufficient funds appropriated for such purpose, one furnishing work or materials for a school committee should be paid upon the order of said committee unless such payment is ordered through fraud or mistake. *Times Publishing Co.* v. *White*, 23 R. I. 335; *Bailey* v. *Duffy*, 45 R. I. 304.

An examination of the affidavits and exhibits filed by all parties shows conclusively that the school committee,—as well as a subcommittee having immediate charge of the erection of said Field Club House,—assisted and advised by plumbing experts, thoroughly examined into all the matters connected with the plumbing contract and specifications thereof, the quality of the work, materials furnished and variations which in the judgment of those having charge of the work became necessary to produce a workmanlike job.

In view of the careful consideration given by the school committee at the hearings that were held after objection to the payment of the amounts in question,—said hearings being attended by various experts and others who urged, so far as appears, the same grounds as those now presented in opposition to the payment of the claims,—it cannot now be seriously urged that the orders for the payment of the bills of the petitioners were the result of mistake. It is not suggested that the school committee acted fraudulently and as the committee considered these matters judicially and passed upon them with full and complete knowledge of all the facts, it cannot be said that their decision was due to mistake.

In the petition entitled *Raoul Renaud* v. *Antonio Prince, City Auditor, et al.*, it is ordered that a writ of mandamus returnable forthwith issue ordering Antonio Prince as City

54

Auditor of the City of Woonsocket to perform his ministerial duty and draw his order as city auditor upon the said James W. Quinn, city treasurer, in the amount of $798.05 in payment of the petitioner's claim and ordering the said James W. Quinn as City Treasurer of the City of Woonsocket to perform his ministerial duty and pay the said claim of said Raoul Renaud.

In the petition entitled *Oscar H. Drouin v. Antonio Prince, City Auditor, et al.,* it is ordered that, upon the release of an attachment placed upon the fund, a writ of mandamus returnable forthwith issue ordering Antonio Prince as City Auditor of the City of Woonsocket to perform his ministerial duty and draw his order as city auditor upon the said James W. Quinn, city treasurer, in the amount of $207.04 in payment of the petitioner's claim and ordering the said James W. Quinn as City Treasurer of the City of Woonsocket to perform his ministerial duty and pay the said claim of said Oscar H. Drouin.

*Ovila Lambert,* for petitioner in each case.

*Felix A. Toupin,* for respondents.